UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DOUGLAS W. HILL,

      Plaintiff,

  v.                                            Civil Action 2:23-cv-2243
                                                        Chief Judge Sarah D. Morrison
                                                        Magistrate Judge Chelsey M. Vascura

BRIGGS & STRATTON LLC, *et al.*,

      Defendants.

**ORDER**

    This matter is before the Court on Defendant Midwest Can Company's Motion for Leave to File Exhibits Under Seal. (ECF No. 104.) Midwest seeks to file exhibits to its recently-filed Partial Objection to the Magistrate Judge's Order on an oral motion to compel (ECF No. 103) under seal because "each of these exhibits is a Midwest confidential business record marked as 'Confidential – Subject to Protective Order' pursuant to the Agreed Protective Order in this action." (ECF No. 104.) For the reasons that follow, Defendant's Motion (ECF No. 104) is **DENIED**.

    There is a strong presumption in favor of public access to judicial records. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has directed that documents filed with the Court may be placed under seal "[o]nly for the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide

compelling reasons justifying the seal exists even if the parties themselves agree the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co., Inc.*, 834 F.3d at 594.

Here, Defendant's Motion fails to meet the high standard set forth by the Sixth Circuit, asserting only that the exhibits are "confidential business records" and are marked as such pursuant to the parties' Agreed Protective Order. Midwest has not analyzed document by document the propriety of secrecy, nor has it explained what specific harm may be sustained from the disclosure of these exhibits on the public record. *See Shane Grp.*, 825 F.3d at 307 ("the proponents of closure bear the burden of showing that disclosure will work a clearly defined and serious injury") (cleaned up).

For the foregoing reasons, Defendant's Motion (ECF No. 104) is **DENIED** but **WITHOUT PREJUDICE** to Defendant filing a properly supported motion. Defendant must file any motion to file the exhibits in question under seal **WITHIN SEVEN DAYS** of the date of this Order. Defendant is cautioned that any forthcoming motion must meet the standards set forth by the Sixth Circuit and should be narrowly tailored, as the sealing of documents must be no broader than necessary. *See Shane Group, Inc.*, 825 F.3d at 305.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE