UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DOUGLAS W. HILL,

      Plaintiff,

  v.                                      Civil Action 2:23-cv-2243
                                              Chief Judge Sarah D. Morrison
                                              Magistrate Judge Chelsey M. Vascura

BRIGGS & STRATTON LLC, *et al.*,

      Defendants.

**OPINION AND ORDER**

In this diversity action, Plaintiff, Douglas W. Hill, sues Defendant Midwest Can Company for products liability, breach of warranty, and negligence arising out of personal injuries suffered by Plaintiff while refueling a riding mower. (Compl., ECF No. 2.) This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 113). For the reasons below, Plaintiff's Motion is **GRANTED**.

                I.       **BACKGROUND**

Plaintiff commenced this action in the Court of Common Pleas for Franklin County, Ohio, on June 12, 2023. (Compl., ECF No. 2.) Plaintiff's Complaint named as Defendants Briggs & Stratton LLC, Ferris Industries, Inc., and Midwest Can Company. (*Id.*) On July 13, 2023, Midwest removed the action to this Court. (Notice of Removal, ECF No. 1.) Midwest also filed a third-party complaint against Scepter Canada, Inc, and Homier & Sons, Inc. (ECF No. 31), and Homier filed a fourth-party complaint against Pace, Inc. (ECF No. 53). Almost two years later, after various bankruptcy filings and the exchange of certain discovery, all parties were

voluntarily dismissed as of March 11, 2025, with the exception of Plaintiff, Midwest, and Scepter.

Meanwhile, the Court entered a Preliminary Pretrial Order on November 28, 2023, reflecting the parties' agreement that "[m]otions or stipulations addressing the parties or pleadings, if any, must be filed no later than January 17, 2024" and that "[p]rimary expert reports, if any, must be produced by April 15, 2024." Those deadlines were extended at the parties' request until July 1, 2024 (ECF No. 50) and January 15, 2025 (ECF No. 79), respectively.

On July 25, 2025, more than a year after the deadline for motions to amend the pleadings, Plaintiff filed the subject Motion for Leave to File First Amended Complaint (ECF No. 113). Plaintiff seeks amendment to delete claims against since-dismissed parties, delete his Ohio common law claims, correct the name of Defendant Midwest (from "Midwest Can Company" to "Midwest Can Company, LLC"), clarify that Plaintiff's claims concern both Midwest's fuel spout and fuel spout *cap*, and add allegations based on documents Midwest has recently produced. (*Id.*) Midwest opposes amendment on grounds that Plaintiff's new allegations are based on expert testimony that was untimely disclosed and that the proposed amendments would therefore be futile. (Midwest's Mem. in Opp'n, ECF No. 121.)

## II. STANDARDS GOVERNING PLEADING AMENDMENTS

District courts are required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in this case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in

attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted) (citing cases); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

If good cause is shown under Rule 16, the Court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Off. of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

### III.     ANALYSIS

Midwest does not appear to object to any of Plaintiff's proposed amendments other than those directed towards the alleged design defect in the fuel spout cap. Midwest contends that Plaintiff's fuel spout cap allegations are based on the third expert report of Andrew Schmidt, produced on July 25, 2025. Midwest contends that this expert report was produced well after the January 15, 2025 primary expert report deadline and is therefore untimely. Midwest separately moves to exclude Mr. Schmidt's third expert report on this ground. (ECF No. 120.) That motion remains pending for decision by Chief Judge Morrison. Midwest further contends that because the exclusion of Mr. Schmidt's testimony is required, Plaintiff's proposed amendment is futile. Thus, Midwest does not argue that Plaintiff has not been diligent or that Midwest will be prejudiced, as would preclude amendment under Rule 16. Instead, Midwest relies solely on futility of the proposed amendment as grounds for denying amendment under Rule 15.

Because "denying a motion for leave to amend on grounds that the proposed [complaint] is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the complaint, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Plaintiff to amend his Complaint with the understanding that Midwest is free to challenge the claims against it through a motion to dismiss. *See Durthaler*, 2011 WL 5008552, at

4

*4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

### IV. DISPOSITION

For these reasons, Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 113) is **GRANTED**. The Clerk is **DIRECTED** to file on the docket Plaintiff's First Amended Complaint, attached to his Motion as Exhibit 1 (ECF No. 113-1.)

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE