# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DOUGLASS HILL,**

    **Plaintiff,**     :

  v.                               **Case No. 2:23-cv-2243**
                                    **Chief Judge Sarah D. Morrison**
                                    **Magistrate Judge Chelsey M.**
**MIDWEST CAN COMPANY,** *et*         **Vascura**
*al.*,                                :

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant/Third Party Plaintiff Midwest Can Company's Partial Objection to the Magistrate's Decision. (Obj., ECF No. 103.) For the reasons set forth below, Midwest's Objection is **OVERRULED**.

    I.      BACKGROUND

Mr. Hill was severely burned by a fire that started when he attempted to refill his lawn mower with gasoline. He brought this action for product liability, breach of express or implied warranty, and negligence against the Defendants. He claims that Midwest's fuel spout and/or its fuel spout cap contributed to the gas fire and his injuries.

During a discovery conference, Mr. Hill made an oral motion for Midwest to produce unredacted names and contact information of customers that made complaints about cracked Midwest fuel spout caps. The Magistrate Judge granted Mr. Hill's motion and Midwest now objects.

## II. LEGAL STANDARD

When a party objects to a magistrate judge's ruling on a non-dispositive motion, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to factual findings and the "contrary to law" standard applies to legal conclusions. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (Kinneary, J.) (citations omitted). A factual finding is "clearly erroneous" when the reviewing court is left with the definite and firm conviction that a mistake has been made. *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). A legal conclusion is "contrary to law" when the magistrate judge has "misinterpreted or misapplied applicable law." *Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (Holschuh, J.) (citations omitted).

## III. ANALYSIS

Midwest asserts two reasons in support of its objection: 1) it will suffer reputational and commercial harm if its customers are advised of a lawsuit alleging defects in its products; and 2) to preserve the privacy rights of its customers. Neither argument is availing.

Beginning with its first argument, Midwest will not suffer reputational or commercial harm by producing the requested customer names and information. The requested information is relevant to Mr. Hill's claims and limited to customers that

have already complained of cracks in Midwest's fuel spout caps. None will be surprised by Mr. Hill's counsel contacting them about their complaints.

In addition, the privacy interests of Midwest's customers are adequately protected by the Magistrate Judge's Order. Indeed, "the privacy interests at stake in the names, addresses, and phone numbers must be distinguished from those more intimate privacy interests such [as] compelled disclosure of medical records and personal histories." *Miller v. Kent Nutrition Grp., Inc.*, No. 1:15-CV-2116, 2018 WL 2266866, at *3 (N.D. Ohio Feb. 27, 2018) (citing *In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2014 WL 764617, at *7 (N.D. Ohio Feb. 26, 2014)). The customer information can be produced only to Mr. Hill's counsel and used only in this litigation pursuant to the parties' Stipulated Protective Order. This safeguards the privacy interests of Midwest's customers.

The Magistrate Judge's Order was not contrary to law. Accordingly, Midwest's Objection is **OVERRULED**.

## IV. CONCLUSION

Based upon the foregoing analysis, Midwest's Partial Objection to the Magistrate's Decision (ECF No. 103) is **OVERRULED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**